**Arley C. RUNNING, Plaintiff and Appellant,**

v.

**TAX COMMISSIONER, State of North Dakota, Defendant and Appellee.**

Civ. No. 9972.

Supreme Court of North Dakota.

Dec. 22, 1981.

Pringle & Herigstad, Minot, for plaintiff and appellant; argued by Donald A. Negaard, Minot.

Albert A. Hausauer, Asst. Atty. Gen., State Tax Dept., Bismarck, for defendant and appellee.

PEDERSON, Justice.

This is an appeal from the Tax Commissioner's administrative determination that a federal income tax refund, received by Running in 1977, of 1973 and 1974 federal income taxes paid by Running in 1974 and 1975, is taxable by the State of North Dakota as 1977 income. The district court affirmed the Tax Commissioner's determination. We reverse and remand.

Ordinarily, the scope of review in the district court is that which is prescribed by § 28–32–19, NDCC. The district court must affirm the administrative decision unless it finds that any of the following are present:

"1. The decision or determination is not in accordance with law.

"2. The decision is in violation of the constitutional rights of the appellant.

"3. Provisions of this chapter [Ch. 28–32, NDCC] have not been complied with in the proceedings before the agency.

"4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

"5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

"6. The conclusions and decision of the agency are not supported by its findings of fact."

This court has repeatedly held that § 28–32–21, NDCC, provides for the same scope of review in the supreme court.

In this case, however, both parties argued only a question of law and thus indirectly limited the scope of review in the district court and in this court to item number 1—whether or not the decision of the Tax Commissioner is in accordance with law.

There is no dispute of the fact that Running was permitted to reduce his 1973, 1974 and 1975 North Dakota taxable income by the amount of federal income taxes paid in 1973, 1974 and 1975, and that subsequent events required the refund of some of those federal income taxes. The Tax Commissioner determined as a matter of law that Running's taxable income as computed for federal income tax purposes (the "starting point")[1] must be "corrected" for the 1977 tax year to reflect the refund received that year.

We conclude that there is no provision in the North Dakota statute, nor in any decision by this court, nor in any rule promulgated by the Tax Commissioner, that permits or authorizes an adjustment, plus or minus, which would apply to the refund to Running, in 1977, of federal income taxes which he paid in 1974 and 1975. Had a rule been prescribed as authorized by § 57–38–01.2(2), NDCC,[2] the exemption from taxation could have been explicitly prevented.

The question thus presented is whether or not, under these circumstances, as a matter of law, a refund of federal income taxes requires a "correction" of the "starting point".

■ While the issue before us in this case has not heretofore been discussed by this

---

1. Section 57–38–01(20), NDCC, defines North Dakota taxable income as meaning: "the taxable income as computed ... for federal income tax purposes under the United States Internal Revenue Code of 1954, as amended, plus or minus such adjustments as may be provided by this act and chapter or other provisions of law."

2. Section 57–38–01.2(2), NDCC, provides:
"The tax commissioner is hereby authorized to prescribe rules and regulations to prevent requiring income that had been previ-

ously taxed under this chapter from being taxed again because of the provisions of this chapter and to prescribe rules and regulations to prevent any income from becoming exempt from taxation because of the provisions of this chapter if it would otherwise have been subject to taxation under the provisions of this chapter."

The Tax Commissioner acknowledges that he has not issued a rule or regulation applicable to this case.

court, it is helpful to review a principle that we have followed in *Messner v. Dorgan*, 228 N.W.2d 311 (N.D.1975); *Lanterman v. Dorgan*, 255 N.W.2d 891 (N.D.1977); *Hardy v. State Tax Com'r*, 258 N.W.2d 249 (N.D. 1977); and *Erdle v. Dorgan*, 300 N.W.2d 834 (N.D.1981). The court has not always been unanimous, nevertheless the precedent is firmly established that until the Legislature changes the language of the law, the North Dakota taxable income is determined by starting with federal taxable income and adding or subtracting therefrom only pursuant to specific authorization of law, including regulations adopted pursuant to law.

 Unspoken, but nevertheless basic to that principle, is that there must be a correct starting point. The correctness of a reported "taxable income . . . for federal income tax purposes" is a federal question that must be determined under the United States Internal Revenue Code. Because the legislative assembly declared its intention by federalizing, "to simplify" the state income tax,[3] we conclude that a taxpayer's reported taxable income for federal tax purposes is entitled to a presumption of correctness.

 In view of these explicit legislative directions, correction of the federal taxable income should not be accomplished by vague and complex application of "audit criteria" that do nothing to simplify the procedure. The presumption that Running's reported taxable income for federal tax purposes is correct has not been overcome in this case.

The determination of the Tax Commissioner is reversed, as well as the judgment affirming that determination. The case is remanded for appropriate action in accordance herewith.

ERICKSTAD, C. J., and PAULSON and SAND, JJ., concur.

VANDE WALLE, Justice, dissenting.

I disagree with the conclusion reached by the majority opinion. The majority opinion concludes that the district court's decision must be reversed because the taxpayer's reported taxable income for Federal tax purposes is the starting point for State tax purposes; that the starting point for 1977 is correct; and that the State Tax Commissioner has promulgated no rules concerning this matter. If the issue were that narrow I might agree with the majority opinion. However, a review of the record reveals that originally the Commissioner disallowed a North Dakota refund for the years 1973 and 1974 resulting from a carryback of a net operating loss because the Commissioner offset the balance due to the taxpayer by asserting that the Federal refund received in 1977 as a result of that carryback on the Federal return was taxable in 1973 and 1974. After an informal conference between the taxpayer and the Tax Commissioner, the Commissioner issued a refund for the years 1973 and 1974 but assessed an additional tax for the year 1977, the year the Federal tax refund was received by the taxpayer. It is this assessment which led to this appeal. If we are to give so much credence to the Federal taxable income as the basis for computing the State tax, then I submit the Commissioner was right in the first instance—the refund for the years 1973 and 1974 should have been disallowed because it was apparent the Federal taxable income for those years was *not* correct. The net operating loss carryback on the Federal return made the original Federal taxable income figure incorrect as reported on the State return.

In *Erdle v. Dorgan*, 300 N.W.2d 834 (N.D. 1980), I wrote a concurring opinion indicating that if we were reviewing the issues there raised for the first time, I might well

**3.** Section 57–38–01.1, NDCC, provides in part:
"It is the intent of the legislative assembly to simplify the state income tax laws and to demonstrate that federal legislation is not necessary to deal with certain interstate tax problems, by adopting the federal definition of taxable income as the starting point for the computation of state income tax by all taxpayers and providing the necessary adjustments thereto to substantially preserve and maintain existing exemptions and deductions."

agree with Justice Paulson's dissent in *Lanterman v. Dorgan*, 255 N.W.2d 891 (N.D. 1977). However, because the court had previously considered and decided those issues and the Legislature had not altered the statutory provisions I agreed with the majority opinion in *Erdle*. It appears to me the majority opinion is now exalting beyond reason the conclusion that for North Dakota tax purposes the Federal taxable income is the starting point for the preparation of the State return and only those adjustments expressly provided by statute may be made to increase or decrease Federal taxable income on the State tax return. It is apparent and undenied by Running's counsel that the conclusion reached in the majority opinion results in a windfall to Running. That windfall is at the expense of the other taxpayers of this State.

If we are to apply so rigidly the previous conclusions of this court, I would reverse the decision of the Tax Commissioner and the district court but remand with directions that the refund claimed by Running from the State for the years 1973 and 1974 not be allowed because, as a result of subsequent amendments to his Federal tax return, the Federal taxable income reported on his North Dakota tax return for those years was incorrect.